# EXHIBIT "A"



**Service of Process Transmittal**
09/24/2015
CT Log Number 527871399

**TO:** Anne Gadjoro, Paralegal
SquareTwo Financial Corporation
4340 South Monaco Street
Denver, CO 80237

**RE:** **Process Served in Florida**

**FOR:** CACH, LLC  (Domestic State: CO)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | BETTY SINGLETARY, Pltf. vs. CACH, LLC, Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Gwinnett County : State Court, GA<br>Case # 15C044981 |
| **NATURE OF ACTION:** | Violations of the GA Fair Business Practice Act |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/24/2015 at 11:45 |
| **JURISDICTION SERVED :** | Florida |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | William R. Carlisle<br>CARLISLE LAW FIRM<br>319 Resource Parkway<br>Winder, GA 30680<br>(770) 295-0175 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/24/2015, Expected Purge Date: 09/29/2015<br><br>Image SOP<br><br>Email Notification,  Wendy Dickey  wdickey@squaretwofinancial.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>1200 South Pine Island Road<br>Plantation, FL 33324<br>954-473-5503 |

Page 1 of  1 / MK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

EXHIBIT "A"

Page 1 of 10

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

Betty Singleton

_____

_____

PLAINTIFF

VS.

CACH, LLC

_____

_____

DEFENDANT

DATE: 9/24/15
HOUR: 1145
DEPUTY SHERIFF

15 C-04498-1

CIVIL ACTION
NUMBER:_____

## SUMMONS

DATE:
HOUR:
DEPUTY SHERIFF

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

William R. Carlisle
319 Resource Parkway, #9
Winder, GA 80680

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This ___24___ day of ___August___, 20_15_.

Richard T. Alexander, Jr.,
Clerk of State Court

By_____
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

41

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| BETTY SINGLETARY, ) | |
|     PLAINTIFF, ) | |
| ) | |
| -versus- ) | CIVIL ACTION FILE NO.: |
| ) | |
| CACH, LLC, ) | |
|     DEFENDANT. ) | **15 C-04498-1** |

## COMPLAINT

**COME NOW** the Plaintiffs in the above-styled action, who sets forth this Complaint by stating and alleging as follows:

DATE:
HOUR:
DEPUTY SHERIFF

### JURISDICTION AND VENUE

1. Jurisdiction in this Court arises under 15 U.S.C. § 1692k(d) and OCGA 9-10-91(1),(2), & (3).

2. This action arises out of defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

3. Venue is proper in this District pursuant to OCGA 9-10-93.

4. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and service can be made to its registered agent, CT Corporation System, 1200 S. Pine Island Rd., Plantation, FL 33324. The defendant in this action has filed separate civil lawsuits against each of the named plaintiffs in this action.

5. Plaintiff is a natural person who resides in this State; is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and 15 U.S.C. § 1602(h), and is a "cardholder" as that term is defined by 15 U.S.C. § 1602(m).

6. The debt at issue in the action is a consumer debt as contemplated at 15 U.S.C. § 1692(a)(5).

7. While the filing of legal proceedings may not constitute "initial communications" that trigger the validation and notice provisions under 15 U.S.C. § 1692g of the FDCPA, they constitute "communications" and "attempts to collect a debt", which must comply with the FDCPA provisions stated herein; and the actions of the defendant's attorneys are imputable to the defendant, pursuant to Heintz v. Jenkins, 514 U.S. 291, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995).

8. The FDCPA is a strict liability statute. 15 U.S.C. § 1692k; Foti v. NCO Fin. Sys., 424 F. Supp. 2d 643 (S.D.N.Y. 2006).

9. Claims can be brought in state or federal court. 15 U.S.C. § 1692k(d); Itri v. Equibank, N.A., 318 Pa. Super. 268, 282 (Pa. Super. Ct. 1983).

10. Claims may be brought within one year from the date on which the violative communication occurs. 15 U.S.C. § 1692k(d).

11. The FDCPA does apply to litigation activities, including formal pleadings by attorneys. Phath v. J. Scott Watson, P.C., 2008 U.S. Dist. LEXIS 17563 (E.D. Pa. Mar. 7, 2008).

2

## **RELEVANT FACTS**

12. The Defendant in this action filed a lawsuit against Plaintiff containing communications in an attempt to collect a debt in GWINNETT County State Court Civil Action Number 15-C-03384-4 [hereinafter referred to as the "Singletary lawsuit"].

13. The defendant in this action alleged in the Singletary lawsuit, at paragraph 3, that it "acquired" the plaintiff's account, and that it is "entitled to all rights originally bestowed upon the original creditor."

14. In support of its claims, the defendant has attached exhibits indicating that the debt at issue arose from the issuance of a "Sears Gold Mastercard."

15. A civil claim for the collection of a credit card debt is considered to be a claim for breach of a written contract under Georgia law, found at Hill v. American Express, 289 Ga. App. 576 (2008).

16. The defendant attached a "Bill of Sale" document to the Singletary lawsuit as part of Exhibit A to that suit.

17. The "Bill of Sale" document states that the transfer of property between the defendant and the alleged assignor, Citibank, N.A., is "subject to the terms and conditions" of those parties' "Purchase and Sale Agreement."

18. As the defendant is an alleged assignor of rights belonging to a third party, any claims communicated by the Singletary lawsuit are intangible property, or "choses in action," defined by the Purchase and Sale Agreement.

3

19. The defendant has proposed two separate theories of recovery in the Singletary lawsuit; one for breach of contract; the other for "account stated."

20. Under Georgia law, claims for "breach of contract" and claims for an "account stated" are exclusive and pled in the alternative.

21. Only the original creditor may plead alternative theories of recovery as to the same debt, as the litigation of the debt resolves the uncertainty regarding the nature of the claim being pursued.

22. In the Singletary lawsuit, the defendant's claim derives from a written agreement that specifically defines the type of claim being purchased.

23. If the defendant in this action purchased a claim against the plaintiff for her breach of a credit card contract, it is not possible for the defendant to also have purchased a claim for an account stated against the plaintiff as to the same indebtedness.

24. The claim purchased by the plaintiff is defined as a claim for breach of a written credit card contract in the Purchase and Sale Agreement, as referenced in the Bill of Sale document attached to the Singletary lawsuit.

25. As the claims for breach of contract and account stated are exclusive and alternative to each other, only one of these claims can be owned by the assignor, and sold to the assignee, with regard to a single indebtedness.

26. The use of the "account stated" theory of recovery is for the purpose of allowing the defendant to obtain judgment in the Singletary lawsuit without being required to

4

produce any written contract containing the terms and conditions of the use of the credit card at issue, or to produce other documents as necessary to prove the validity of the alleged contract or to further prove the damages alleged by the defendant.

27. At paragraph 7 of the Singletary Lawsuit, the defendant states that it "may call a witness at trial to appear telephonically."

28. The defendant in this action has no legal right under Georgia law to call a witness at trial telephonically, making this communication false and misleading.

29. At paragraph 8 of the Singletary lawsuit, the defendant states that "Plaintiff may rely on [an] affidavit in lieu of a witness at trial."

30. The defendant states that the authority to utilize an affidavit in lieu of a witness is found at OCGA 24-9-902(11) and OCGA 24-8-803(6).

31. Contrary to the defendant's allegations, the cited authority provides an out of court procedure in civil actions for the authentication of documents alleged to be business records, through the use of a "certification" that the documents comply with the foundational requirements at OCGA 24-8-803(6); which acts as notice to the opposing party, and allows sufficient time for objections to the documents' genuineness and authenticity prior to their attempted use at trial.

32. While documents may be deemed authentic and admissible as "business records" through this procedure, the cited statutes do not allow, or even mention, that an affidavit may be used at trial in lieu of live testimony.

5

## STATUTES VIOLATED UNDER THE FDCPA

33. The defendant has made false or misleading statements in violation of 15 USC 1692e(2)(A) as to the character or legal status of the debt; a false or misleading statement in an attempt to collect a debt under 1692e(10), has taken unauthorized legal action under 15 USC 1692e(5), and has acted unconscionably and unfairly in violation of 15 USC 1692f, by communicating that the plaintiff and original creditor's transactions constituted an account stated, and that a claim under this theory of recovery was purchased by the plaintiff.

34. The defendant has made false or misleading statements in an attempt to collect a debt under 1692e(10), has threatened to taken unauthorized legal action under 15 USC 1692e(5), and has acted unconscionably and unfairly in violation of 15 USC 1692f, by communicating that it may call a witness telephonically at trial.

35. The defendant has made false or misleading statements in violation of 15 USC 1692e(2)(A) as to the character or legal status of the debt; a false or misleading statement in an attempt to collect a debt under 1692e(10), has taken unauthorized legal action under 15 USC 1692e(5), and has acted unconscionably and unfairly in violation of 15 USC 1692f, by communicating that it may admit a hearsay affidavit in lieu of live testimony at trial of the Singletary action.

## VIOLATIONS OF THE GA FAIR BUSINESS PRACTICES ACT

36. The communications set forth herein, being violations of the FDCPA, also constitute violations of the FTC Act, thereby rendering those communications as violations of the Fair Business Practices Act at OCGA § 10-1-391 et seq. See <u>1ST Nationwide Collection Agency v. Werner</u>, 654 S.E.2d 428, 288 Ga. App. 457 (Ga. App., 2007), holding that *"a violation of the FDCPA is clearly considered a violation of the Federal Trade Commission Act: "a violation of [15 U.S.C.S. § 1692 et seq.] shall be deemed an unfair or deceptive act or practice in violation of [the FTC] Act." So, interpreting and construing the FBPA consistently with interpretations of the Federal Trade Commission Act, the trial court correctly ruled that Nationwide's violation of the FDCPA also constituted a violation of the FBPA."*

37. The demand and notice requirements of O.C.G.A. § 10-1-399(b) are not applicable to the facts of this case as the defendant is not a resident of the State of Georgia, has no known principal place of business within the State of Georgia and keeps no assets within the State of Georgia.

38. The communications by the Defendant referenced in this action were made intentionally and authorize an award of trebled damages in accordance with O.C.G.A. § 10-1-399(c).

## DAMAGES

39. The damages incurred by the Plaintiff may be trebled under the provisions of the FBPA.

40. The defendant is entitled to statutory damages under 15 U.S.C. § 1692k, which may also be trebled under the FBPA.

**WHEREFORE,** Plaintiff prays for the following relief:

- Statutory damages of $1,000.00 per plaintiff, pursuant to 15 U.S.C. §1692k(a)(2)(A);

- Trebled statutory damages in the amount of $3,000.00 per plaintiff pursuant to O.C.G.A. 10-1-399(c);

- All costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and O.C.G..A. § 10-1-399(d);

- Trial by jury.

Respectfully submitted,

/s/ William R. Carlisle
William R. Carlisle
Attorney for Plaintiffs
GA Bar No.: 110382

**CARLISLE LAW FIRM**
319 Resource Parkway
Winder, GA 30680
(770) 295-0175

8